UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DAVE LACEY,

    Petitioner,

-vs-                                        Case No. 6:12-cv-104-Orl-28KRS

SECRETARY, DEPARTMENT
OF CORRECTIONS, et al.,

    Respondents.
_____/

## ORDER

Petitioner, Dave Lacey, initiated this action for habeas corpus relief pursuant to 28 U.S.C. section 2254 (Doc. No. 1). Upon consideration of the petition, the Court ordered Respondents to show cause why the relief sought in the petition should not be granted. Thereafter, Respondents filed a response to the petition for writ of habeas corpus in compliance with this Court's instructions and with the *Rules Governing Section 2254 Cases in the United States District Courts* (Doc. No. 8). Lacey filed a reply (Doc. No. 11) to the response.

*I.    Procedural History*

Lacey was charged by information with aggravated assault with a firearm (count one), direct-fleeing or attempting to elude (count two), attempted first degree murder of

a law enforcement officer (count three), possession of a firearm by a convicted felon (count four), and carrying a concealed firearm (count five). A jury trial was held, and Lacey was found guilty of the lesser charge of assault in count one and guilty as to the remaining counts. The trial court adjudicated Lacey guilty of the crimes and sentenced him to imprisonment for a term of 60 days as to count one, five years as to each of counts two and five, and fifteen years as to each of counts three and four. The sentences were to be served consecutively, except that the sentence in count five was to be served concurrently. Lacey filed a direct appeal with the Florida Fifth District Court of Appeal, which affirmed *per curiam*.

Lacey next filed a motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850 with the state trial court, which was later dismissed based on Lacey's request for a voluntary dismissal. Lacey later filed a second Rule 3.850 motion, which was denied. Lacey appealed the denial, and the state appellate court affirmed the denial *per curiam*.

## II.   Legal Standards

Pursuant to the AEDPA, federal habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

> (1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

2

28 U.S.C. § 2254(d). The phrase "clearly established Federal law," encompasses only the holdings of the United States Supreme Court "as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000).

"[S]ection 2254(d)(1) provides two separate bases for reviewing state court decisions; the 'contrary to' and 'unreasonable application' clauses articulate independent considerations a federal court must consider." *Maharaj v. Secretary for Dep't. of Corr.*, 432 F.3d 1292, 1308 (11th Cir. 2005). The meaning of the clauses was discussed by the Eleventh Circuit Court of Appeals in *Parker v. Head*, 244 F.3d 831, 835 (11th Cir. 2001):

> Under the "contrary to" clause, a federal court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the United States Supreme Court] on a question of law or if the state court decides a case differently than [the United States Supreme Court] has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the United States Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

Even if the federal court concludes that the state court applied federal law incorrectly, habeas relief is appropriate only if that application was "objectively unreasonable."[3] *Id.*

---

[3]In considering the "unreasonable application" inquiry, the Court must determine "whether the state court's application of clearly established federal law was objectively unreasonable." *Williams*, 529 U.S. at 409. Whether a state court's decision was an unreasonable application of law must be assessed in light of the record before the state court. *Holland v. Jackson*, 542 U.S. 649, 652 (2004) (*per curiam*); *cf. Bell v. Cone*, 535 U.S. 685, 697 n. 4 (2002) (declining to consider evidence not presented to state court in determining whether its decision was contrary to federal law).

3

Finally, under § 2254(d)(2), a federal court may grant a writ of habeas corpus if the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." A determination of a factual issue made by a state court, however, shall be presumed correct, and the habeas petitioner shall have the burden of rebutting the presumption of correctness by clear and convincing evidence. *See Parker*, 244 F.3d at 835-36; 28 U.S.C. § 2254(e)(1).

### III. Analysis

#### The Claim Presented by Lacey

Lacey has labeled this claim as "ineffective assistance of counsel"; however, the allegations within the claim relate to the trial court's allegedly erroneous ruling that count four of the information would not be severed from the other counts. According to Lacey, his trial was rendered "fundamentally unfair" because of the trial court's refusal to sever count four. *See* Doc. No. 1 at 4. In particular, Lacey argues that, allowing the jury to hear evidence that Lacey was a convicted felon was not relevant to the other charges and prejudiced his case. On direct appeal, Lacey argued that the trial court erred by refusing to sever count four.

Lacey mentions in his reply that his claim does not relate to ineffective assistance of counsel and that the Court should "ignore" the label. *See* Doc. No. 11 at 1. As such, any request for relief relating to ineffective assistance of counsel is denied as moot.

Lacey never made a written or oral motion to sever count four. *See* Appendix A at 176. At trial, Lacey's counsel did not request a severance of count four; instead, he

4

sought to remove the convicted felon portion of count four. *Id.* at 161. Lacey's counsel believed that the convicted felon portion was unduly prejudicial. *Id.* at 175. The trial court stated that, if defense counsel had filed a motion to sever, it would have denied it because all five crimes occurred during a very short period of time. *Id.* at 176. Further, the fact that Lacey was a convicted felon would have been relevant and probative of his intent, motive and absence of mistake. *Id.* Moreover, it would have been within the context of the entire criminal episode. *Id.* The State's theory was that Lacey was fleeing and eluding because he knew he was a convicted felon and was not supposed to be in possession of a firearm. *Id.* at 168. A written order was later entered denying a severance.

Lacey is only entitled to relief on habeas review if the trial court's failure to sever the count resulted in an unfair trial. *See Sandoval v. Calderon*, 241 F.3d 765, 771-72 (9th Cir. 2000). In particular, Lacey must show that "the impermissible joinder had a substantial and injurious effect or influence in determining the jury's verdict." *Id.* at 772.

The Court's review of the record in this case leads to the conclusion that Lacey was not actually prejudiced by the joinder of count four with the remaining counts. A similar case is *Syder v. State*, 921 So. 2d 871 (Fla. 4th DCA 2006), in which the defendant was convicted of two counts of possession of a firearm by a convicted felon. The defendant argued that the trial court should have granted his motion to bifurcate the trial by first having the jury only consider evidence as to whether he possessed the

firearm and, if they found him guilty of that element, then present the evidence of his status as a convicted felon.

The state appellate court noted that in "the case of the charge of possession of a firearm by a convicted felon, possession of a firearm by itself is not a criminal offense. The status of convicted felon is a necessary element of the offense charged." *Id.* at 872. The state appellate court agreed with the reasoning in *United States v. Barker*, 1 F.3d 957 (9th Cir. 1993), which refused to bifurcate proof of the elements of this charge:

> Any other holding would lead to an impermissible result if a jury did not return a guilty verdict on the possession portion of the crime. The government would be precluded from proving an essential element of the charged offense, and the district court would breach its duty to instruct the jury on all the essential elements of the crime charged. Additionally, the district court's bifurcation order might unfairly confuse the jury, prompting it to exercise its power of nullification on the unwarranted belief that the defendant was charged for noncriminal conduct . . . . The bifurcation order removes an element of the crime from the jury's consideration, prevents the government from having its case decided by the jury, and changes the very nature of the charged crime.

*Id.* at 872-73.

In the present case, count four was possession of a firearm by a convicted felon. The possession of a firearm by itself was not a criminal offense. The status of being a convicted felon was a necessary element of the offense charged. Thus, it would have been improper to bifurcate proof of the elements of this charge.

Further, the possession of a firearm by a convicted felon was relevant and admissible to prove motive and intent, and it was inextricably intertwined to the other

charged offenses. *See Pugh v. State*, 518 So. 2d 424 (Fla. 2d DCA 1988) (since all of the crimes with which the defendant was charged took place during a relatively short period of time and were inextricably intertwined, the trial court did not abuse its discretion in denying the defendant's motion to sever the escape charge). The crimes occurred as part of one criminal episode and over a very short period of time. The commission of possession of a firearm by a convicted felon explained why Lacey was committing the other charged offenses of fleeing or attempting to elude, attempted first degree murder of a law enforcement officer, and carrying a concealed firearm.

Under the circumstances, Lacey has not shown that the state court's denial of this claim was contrary to, or involved an unreasonable application of, clearly established federal law or was based on an unreasonable determination of the facts in light of the evidence. As a result, Lacey is not entitled to federal habeas relief on this claim.

Any of Lacey's allegations not specifically addressed herein have been found to be without merit.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. The Petition for Writ of Habeas Corpus (Doc. No. 1) filed by Dave Lacey is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**.

2. The Clerk of the Court shall enter judgment accordingly and is directed to close this case.

3. This Court should grant an application for certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right." 28

7

U.S.C. § 2253(c)(2). Lacey has failed to make a substantial showing of the denial of a constitutional right.[3] Accordingly, a Certificate of Appealability is **DENIED** in this case.

**DONE AND ORDERED** in Chambers in Orlando, Florida, this ___ day of May, 2013.

JOHNANTOON II
UNITED STATES DISTRICT JUDGE

Copies to:
OrlP-2 5/15
Counsel of Record
Dave Lacey

---

[3]Pursuant to Rule 11 of the *Rules Governing Section 2254 Cases In the United States District Courts*,

> The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.

8